IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPRO COMPUTERS, INC., a California corporation, | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 13-1937-LPS-MPT |
| LXE, LLC, a Delaware limited liability company, METROLOGIC INSTRUMENTS, INC. d.b.a. HONEYWELL SCANNING AND MOBILITY, a New Jersey Corporation, and DOES 1-10, inclusive, | : : : : : : |
| Defendants. | : |

## MEMORANDUM ORDER

1. Plaintiff Ampro Computers, Inc. ("Ampro") moves for reargument of the Court's July 1, 2016 Memorandum Order (D.I. 114), in which the Court denied Ampro's Motion for Partial Relief (D.I. 57 ("Motion for Partial Relief")) from the Court's September 9, 2015 Order granting Defendants' Partial Motion to Dismiss (D.I. 52 ("Partial Motion to Dismiss")) and Ampro's Motion for Leave to File Second Amended Complaint (D.I. 59 ("Motion for Leave to Amend")).

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.

*See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Having reviewed the parties' submissions (D.I. 121, 126), the Court concludes that Plaintiff has not met its burden to demonstrate that reargument of these motions is appropriate. Ampro's "new evidence" does not cure the deficiencies of its earlier motion; as the Court noted in its prior order, even if Ampro diligently pursued the evidence upon which it now seeks to rely, this later diligence does not retroactively excuse Ampro's lack of reasonable diligence in pursuing such evidence prior to argument on Defendants' Partial Motion to Dismiss. (D.I. 41) The Court did not misunderstand Ampro's earlier factual allegations or legal arguments regarding when Ampro discovered the evidence supporting its Motion for Partial Relief. Instead, the Court found that they did not warrant relief from the Court's order granting partial dismissal. (*See* D.I. 114 ¶ 5 (explaining that even if Court did credit Plaintiff's assertion that it discovered

evidence in September 2015, "that would merely shift the problem for Plaintiff from having had actual knowledge in March 2015 to having constructive knowledge by that date"))

4.  With respect to its Motion for Leave to Amend, Ampro merely invites the Court to reconsider the arguments it presented in its Motion for Partial Relief. As the Court explained in its July 1 Order on that motion, granting Ampro's Motion for Leave to Amend would be prejudicial to Defendants because it would force them to re-litigate issues already resolved in their favor. Given that Ampro's Motion for Leave was unduly delayed due to Ampro's own failure of diligence, such prejudice is unwarranted. The Court's analysis on this point is unchanged by Ampro's identification, in the instant Motion for Reargument, of cumulative evidence supporting the claims it would like to add.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion for reargument is DENIED.

March 6, 2017
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE